UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES U. PAYNE,

      Plaintiff,                        Case Number 18-11154

v.                                    Honorable David M. Lawson
                                     Magistrate Judge R. Steven Whalen
JOSEPH LOWRY, OFFICER CLARK, and
KELLIE M. FITTONNEVILLE,

      Defendants.
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING THE COMPLAINT WITH PREJUDICE**

This matter is before the Court on objections to an August 15, 2019 report issued by Magistrate Judge R. Steven Whalen recommending that the Court grant the defendants' motion for summary judgment and dismiss the complaint with prejudice. On April 9, 2018, the plaintiff filed his *pro se* complaint alleging violations of his rights under the First, Fourth, and Fourteenth Amendments. The case was referred to Magistrate Judge Whalen for management of all pretrial proceedings. After a period of discovery, the defendants filed their motion for summary judgment. The magistrate judge subsequently issued his report recommending dismissal of the case, and the plaintiff filed timely objections. The matter now is before the Court for a fresh review.

I.

The lawsuit arises from events that followed an April 2016 traffic stop during which the plaintiff was arrested, and his car and property were searched and seized. The plaintiff contends that there was no basis for the traffic stop, but his claims are premised solely on events that occurred after the stop and arrest. First, he alleges that his First Amendment rights were violated when he was not allowed to speak freely during hearings before the state trial court. Second, he

contends that his Fourth Amendment rights were violated when the police refused to return his driver license, which was confiscated during or after the traffic stop. Third, he alleges that his Fourteenth Amendment rights were violated while he was in custody, when officers at the jail prevented paramedics from taking the plaintiff to the hospital after he had a seizure. Fourth, the plaintiff alleges that his rights further were violated when, during a probation violation hearing, defendant probation officer Kellie Fittonneville falsely stated that the plaintiff went to a restaurant instead of attending a court-ordered meeting with her.

It is undisputed that as a result of the traffic stop and arrest the plaintiff was taken to the Hazel Park, Michigan jail, and that he subsequently was charged with felony fleeing and eluding. While in custody, on the morning after he was arrested, the plaintiff complained to jail officers that he had a seizure and paramedics were called. The plaintiff was examined by them and, according to his testimony, the paramedics recommended that he be taken to the hospital. However, unnamed jail officers who were present spoke to the paramedics, who then left, and the plaintiff then was transported to the Oakland County Jail. The plaintiff later was released from jail, and he eventually pleaded guilty to a reduced charge of misdemeanor resisting and obstructing and was sentenced to probation.

After he was sentenced, the plaintiff failed to appear for a scheduled meeting with his probation officer (defendant Fittonneville), and he was sentenced to 17 days in jail for the probation violation.

The plaintiff alleges that when he was arrested the police seized from his person and vehicle around two ounces of marijuana, more than $600 in cash, his driver license, and a state-issued medical marijuana caregiver identification card. The police also impounded the vehicle and subsequently served the plaintiff a notice that the car would be subject to forfeiture. The plaintiff

admits that the police later returned his money and the marijuana caregiver card, but he alleges that his driver license was not returned, and he had to get a new one in June 2016. The plaintiff also alleges that he could not retrieve his impounded vehicle because he did not have his original driver license when he went to the impound facility.

The magistrate judge recommended that all of the claims be dismissed because: (1) the complaint did not plead any facts to suggest that Officer Clark was in any way personally involved with any violations of the plaintiff's rights, and the plaintiff conceded during his deposition and asserted in various filings that he intended Clark to be involved in the proceedings solely as a witness, (2) defendant Fittonneville was entitled to absolute quasi-judicial immunity from the claims of misconduct while performing her court-directed duties as a probation officer, (3) the claim that property was improperly retained after a valid seizure (during an inventory search of the plaintiff's person and vehicle) is not cognizable under the Fourth Amendment, and (4) the Fourteenth Amendment deliberate indifference claim was unsupported by the evidence because the record showed that paramedics promptly were summoned when the plaintiff complained to jail officers that he had a seizure, and the medical notes indicated "normal" vital signs upon examination; moreover, the magistrate judge noted, the records contained a refusal of ambulance transport signed by the plaintiff.

II.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge

in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. ' 636(b)(1).  "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'"  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

"Section 1983 of Title 42 of the United States Code imposes civil liability on those individuals who, acting under color of state law, deprive a citizen of, among other things, his federally guaranteed constitutional rights."  *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Brosseau v. Haugen*, 543 U.S. 194, 197-98 (2004)).  "To state a claim under § 1983, a plaintiff must set forth facts that, when favorably construed, establish: (1) the deprivation of a right secured by the Constitution or laws of the United States; (2) caused by a person acting under the color of state law."  *Ibid.* (citing *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).  The plaintiff must establish the liability of each individual defendant by that person's own conduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

### A. Defendant Officer Clark

As an initial matter, the plaintiff does not raise any objection to the dismissal of all claims against defendant Officer Clark. The plaintiff conceded at his deposition and admits in his objections that he did not intend to bring any claims against Officer Clark and only wanted him to participate in the lawsuit as a witness. The claims against defendant Clark will be dismissed because the plaintiff has not alleged any facts or presented any evidence that Clark personally was involved with any of the claimed constitutional violations.

### B. Free Speech Claims (First Amendment)

The magistrate judge correctly concluded that all of the First Amendment claims must be dismissed because the plaintiff has not put forth any evidence that the named defendants were involved in any suppression of his protected speech. The plaintiff alleged in his complaint, testified at his deposition, and reiterated in his objections that the purported violations of his First Amendment rights occurred when the state court trial judge repeatedly instructed him not to speak or to stop speaking, on pain of being sentenced to additional jail time. None of the facts alluded to in the pleadings or the record suggest that any of the named defendants had any personal involvement in stopping the plaintiff from speaking at any court proceeding; nor is it even plainly alleged or suggested by the record that defendants Clark, Lowry, or Fittonneville even were present when the trial judge allegedly told the plaintiff to stop speaking. Because there are no facts in the record suggesting that any of the defendants personally were involved in any First Amendment violations, all of those claims must be dismissed.

### C. Deliberate Indifference Claims (Fourteenth Amendment)

The magistrate judge concluded that no cognizable Eighth or Fourteenth Amendment claims for deliberate indifference had been made out because the plaintiff had not put forth any

evidence that he had a sufficiently serious medical condition, and medical records indicated that he signed a form refusing to be transported to the hospital. The plaintiff's deposition testimony contradicts that assessment of the record, because the plaintiff insisted that he did not refuse to be transported, and he testified that he had an actual seizure and that in the past he had been hospitalized following similar episodes. Nevertheless, the deliberate indifference claims must be dismissed for a more basic reason, which is that the plaintiff has not pleaded any facts or offered any evidence to suggest that any of the three named defendants were involved in the alleged denial of medical care.

The plaintiff testified at his deposition that two unidentified officers were present when paramedics were called to examine him at the Hazel Park jail. Plf.'s Dep. at 66-37, ECF No. 32-4, PageID.194-95; *id.* at 70-71 ("I don't know their two names, but I know what they look like."). The plaintiff admitted that Officer Clark was not involved in the denial of medical care, and he testified only that Clark later told the plaintiff that he should have been taken to the hospital by the officers who were present. *Id.* at 71. The plaintiff also conceded during his testimony that defendant Lowry was not involved in the denial of medical care, and when he was asked why he had sued Lowry, the plaintiff stated that it was solely due to the allegedly improper retention or destruction of his property. *Id.* at 75-76 ("Q. Any other reasons why Officer Lowry is in this lawsuit? A. Just for the driver's license and for the medical marijuana that wasn't returned back to me when I had my cards and stuff for that. And — and my vehicle not being released properly to my mother."). The plaintiff also testified that the claims against defendant Fittonneville are based solely on her statements about his whereabouts when he missed a probation interview. *Id.* at 79 ("Q. [W]hat are your claims against [Ms. Fittonneville]? A. That she lied under oath, said that I was at Tim [H]orton's and was eating some food and got to the court late and that I was trying to

grab my property and escape and leave from downstairs when she lied and they put me back in jail for 17 more extra days for nothing. And then they found out that it wasn't me at Tim Horton's."). The complaint does not allege that any of the named defendants were responsible for any denial of medical care, and nothing in the plaintiff's testimony suggests that they were. Because the plaintiff has failed to put forth evidence that the defendants personally were responsible for denying him any needed care, the deliberate indifference claims must be dismissed.

### D. Unlawful Seizure Claims (Fourth Amendment)

The magistrate judge concluded that the Fourth Amendment claims must be dismissed because claims that property improperly was retained after a lawful seizure are not cognizable under the Fourth Amendment. In his objections, the plaintiff merely reiterates his insistence that his driver license and marijuana were not returned and that he had difficulty retrieving his vehicle because he did not have his driver license available. But he has not cited any legal authority contrary to the well settled rule that an allegedly improper failure to return property taken into custody via a lawful search and seizure does not amount to a Fourth Amendment violation. In this case, the plaintiff does not raise any challenge to the arrest or initial seizure of his property and vehicle during an inventory search contemporaneous with the arrest. That initial seizure was lawful because it is well settled that police may take property into custody during a routine inventory search incident to arrest. *South Dakota v. Opperman*, 428 U.S. 364 (1976). The subsequent refusal to return property seized via a lawful search does not support any cognizable Fourth Amendment claim. *Fox v. Oosterum*, 176 F.3d 342, 351 (6th Cir. 1999) ("[T]he Fourth Amendment protects an individual's interest in retaining possession of property but not the interest in regaining possession of property. Once that act of taking the property is complete, the seizure has ended and the Fourth Amendment no longer applies. Our holding that no seizure occurred here

is limited to the situation before us — an initial, lawful seizure of a piece of property followed by a refusal to return that property." (citations and footnotes omitted)). Moreover, the *Fox* court also held, on facts identical to those alleged here, that no viable Fourteenth Amendment procedural due process claim had been advanced, because an arrestee is not entitled to any pre-deprivation process before property is seized via an inventory search, and there was no showing that post-deprivation process available under state law, *e.g.*, Mich. Ct. Rule 3.105; Mich. Comp. Laws §§ 600.2920, 600.6401, was inadequate to challenge the confiscation. *Id.* at 349 (citing *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Harris v. City of Akron*, 20 F.3d 1396 (6th Cir. 1994)). The plaintiff has failed to advance any cognizable claim that he was deprived of his property under either the Fourth or the Fourteenth Amendments, and all of his claims for failure to return the items seized must be dismissed.

E. Defendant Kellie M. Fittonneville

In his objections, the plaintiff merely reiterates his allegation that during a probation violation hearing defendant Fittonneville lied about the plaintiff's whereabouts when he was late for a required meeting with her. Throughout his complaint and in his testimony the plaintiff advanced no other basis for the claims against her other than the purportedly false statements to the trial court during the probation proceeding. But he has not cited any authority contrary to the decisions cited by the magistrate judge holding that a probation officer is entitled to absolute quasi-judicial immunity against claims premised on her statements made during court ordered proceedings to assess whether a defendant violated the terms of his probation. *Loggins v. Franklin County*, 218 F. App'x 466, 476-77 (6th Cir. 2007) (citing *Demoran v. Witt*, 781 F.2d 155, 157–58 (9th Cir. 1985)). There was no error in the magistrate judge's conclusion that all of the claims against defendant Fittonneville are precluded by her immunity from suit.

III.

The plaintiff has failed either to plead or to advance any evidence to suggest that any of the three named individual defendants personally were involved in or responsible for any unconstitutional conduct under the First, Fourteenth, and Eighth Amendments, and he concedes that defendant Clark did nothing that violated his rights. Settled law forecloses the claims based on retention of the plaintiff's seized property under the Fourth and Fourteenth Amendments. Defendant Fittoneville is entitled to absolute quasi-judicial immunity against the claims based on her allegedly false statements to the state trial court during a probation violation hearing. The defendants are entitled to judgment as a matter of law on all of the claims pleaded against them, and their motion for summary judgment therefore will be granted.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 41) is **ADOPTED**, the plaintiff's objections (ECF No. 42) are **OVERRULED**, and the defendants' motion for summary judgment (ECF No. 32) is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff's motion to suspend the proceedings (ECF No. 40) and motion for jury trial (ECF No. 43) are **DISMISSED** as moot.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: September 11, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 11, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI